IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHIRLEY WALTERS, ET AL.           :
                                  :
v.                                :   CIVIL NO. CCB-06-233
                                  :
STAR HOTELS, LLC                  :
                         ...o0o...

**MEMORANDUM**

Plaintiffs filed a complaint in this court on January 27, 2006 claiming "intersectional" discrimination for the alleged refusal of their employer, Star Hotels LLC, to provide them health insurance in 2004 and/or 2005.  Star has filed a motion to dismiss or for summary judgment, which will be treated as a motion for summary judgment, and has been fully briefed.  No hearing is necessary.  *See* Local Rule 105.6.  For the reasons that follow, the motion will be granted.

As evidenced by the exhibits attached to the complaint, as well as the affidavits submitted by both sides in connection with the motion, several employees, in addition to the four plaintiffs, requested health insurance for 2004 but were not enrolled by Star's insurance provider, MAMSI.  Star's CEO worked with MAMSI to correct this problem.  The plaintiffs, who are African-American females over 40, admit that in June or July 2004 they were offered the opportunity to enroll in MAMSI, but declined because they would have been required to pay retroactive premiums.  They assert as the basis of their discrimination claim that others not in the protected class were not required to make such payment.  By affidavit, however, Star's President and CEO Mukesh Majmudar, as well as Star's Controller Ankur Kadakia, assert that the other employees, who were not African-American, and included males over 40 and a female under 40, also were required to pay retroactive premiums or forego insurance for the 2004 year.[1]  The

---

[1] Three of the employees also submitted affidavits.

defendant also has produced evidence by race, gender, and age concerning the employees receiving medical insurance during 2004 and 2005. These charts do not support a pattern of intentional discrimination based on race, sex, age, or a combination of those factors.

The plaintiffs also contend that they need discovery in order to oppose the defendant's motion. They already have numerous documents, however, and the ability to obtain affidavits, as evident from their complaint and their opposition to the defendant's motion. More importantly, they have failed to explain adequately what additional discovery they might seek that would assist them in overcoming the fatal deficiency in their prima facie case. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). As others outside the protected class(es) also were required to make retroactive payments, the plaintiffs cannot show that they were treated differently from other similarly situated persons. *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133-34 (4th Cir. 2002). They have neither direct nor indirect evidence of discrimination as required to survive a motion for summary judgment, *see Pulley v. KPMG Consulting, Inc.*, 348 F.Supp.2d 388, 394 (D. Md. 2004), nor any likelihood of obtaining such evidence. The burden in cost and time that would be imposed on the defendant by allowing discovery to go forward is not warranted.

In the absence of provable discriminatory intent, none of plaintiffs' three claims survive. Accordingly, the defendant's motion will be granted by separate Order.

  November 2, 2006                               /s/
        Date                                 Catherine C. Blake
                                                   United States District Judge